UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| JOSHUA D. DONALD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 20-1240-JDT-cgc |
| ) | |
| KELLOGGS JACKSON, ET AL., ) | |
| ) | |
| Defendants. ) | |
| ) | |

ORDER DIRECTING PLAINTIFF TO COMPLY WITH 28 U.S.C. § 1915(a),
DISMISSING COMPLAINT, AND GRANTING LEAVE TO AMEND

On October 23, 2020, Plaintiff Joshua D. Donald, who is incarcerated at the Henderson County Justice Center in Lexington, Tennessee, filed a *pro se* civil complaint against his former employer, Kellogg Company.[1] However, Plaintiff neglected to either pay the $400 civil filing fee required by 28 U.S.C. §§ 1914(a)-(b) or submit a proper application to proceed *in forma pauperis*.[2]

Under the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a). Although the obligation to pay the fee accrues at the moment the case is filed, *see McGore v. Wrigglesworth*,

---

[1] Donald names "Kelloggs Jackson" (a reference to the Kellogg facility in Jackson, Tennessee, where he apparently was employed) and the "Kelloggs Corp. Office" as separate Defendants. (ECF No. 1 at PageID 2.) The Court will refer to both, collectively, as Kellogg Company.

[2] Donald submitted an *in forma pauperis* affidavit, but it is missing the first page. (ECF No. 2.) Because the missing page of the form is also the signature page, Donald's document is not signed. (ECF No. 2.)

114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013), the PLRA provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. § 1915(b)(2). However, in order to take advantage of the installment procedures, the prisoner must properly complete and submit to the district court, along with the complaint, both an *in forma pauperis* affidavit and a copy of his trust account statement for the six months immediately preceding the filing of the complaint. § 1915(a)(2). Plaintiff must provide the Court with the proper financial documentation before pauper status can be granted.

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

  (1)   is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

  (2)   seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make

2

a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Donald filed his complaint using the form for commencing actions pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

In his complaint, Donald alleges he developed a problem with "medical addiction," by which, presumably, he means an addiction to prescription drugs. (ECF No. 1 at PageID 2.) His employer was informed, and he was given a leave of absence through Kellogg Company's employee assistance program. (*Id.*) Donald appears to state that he was first placed in an intensive outpatient program (IOP) at Cumberland Heights, a clinic in Jackson, Tennessee; his employer

then was notified that he would be placed in an in-patient treatment program at Cumberland Heights in Nashville, Tennessee.  (*Id.*)  However, Donald was released from in-patient treatment after seven days "due to the insurance" and told to contact Cumberland Heights in Jackson so he could go back to IOP treatment there.  (*Id.* at PageID 2-3.)  When he got in touch with Cumberland Heights in Jackson, he was told someone would contact him with further instructions but no one did.  (*Id.* at PageID 3.)  His advisor at Kellogg Company told him to seek another treatment center, and Donald chose Pathways in Jackson.  (*Id.*)  When Donald went to Pathways on his scheduled intake date, however, he was told he was at the wrong location; he was given another date on which to return at the correct location.  (*Id.*)  Three of four days later, he received a notarized letter advising him that he had been terminated from his job "due to the fact, I went to the wrong Pathways location."  (*Id.*)

Donald alleges discrimination "[toward] my job status" and states that "[i]t has caused emotional & tra[u]matic stress & financial strain . . . lost self esteem [regarding] this situation & it has cause[d] me to consistently relapse & come to jail."  (*Id.*)  He seeks $1 million in damages "for each offense."  (*Id.* at PageID 4.)

Though he has used the § 1983 civil rights complaint form, Kellogg Company is not a governmental entity but a private corporation.  A plaintiff may not use § 1983 to "sue purely private parties."  *Brotherton v. Cleveland*, 173 F.3d 552, 567 (6th Cir. 1999).  Only those defendants whose actions are "fairly attributable to the State" may be sued under § 1983.  *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Collyer v. Darling*, 98 F.3d 211, 231-32 (6th Cir. 1997).  Donald does not allege how the actions of Kellogg Company could be attributed to the state and thus does not state a claim under § 1983.

Moreover, the basis for Donald's claim of discrimination is not clear. He does not allege that he was discriminated against because of his age or because of his "race, color, religion, sex, or national origin," one or more of which is required for a claim under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, or the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-401, *et seq*. Donald also does not allege he was discriminated against on the basis of a disability, which is required for a claim under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* or the Tennessee Disabilities Act, Tenn. Code Ann. § 8-50-103 *et seq*. He states only that he was fired after going to the wrong Pathways location. That is not a sufficient allegation that his termination was based on wrongful discrimination.

For these reasons, Donald's complaint fails to state a claim on which relief may be granted and is subject to dismissal.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court concludes that Donald should be given the opportunity to amend his complaint.

Accordingly, Donald's complaint is DISMISSED for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  Leave to amend, however, is GRANTED.

Donald is ORDERED to submit, within 21 days after the date of this order, **on or before November, 17, 2020**, a properly completed and signed prisoner *in forma pauperis* affidavit and a copy of his inmate trust account statement for the last six months.  If he fails to comply within the time specified, the Court will deny leave to proceed *in forma pauperis*, assess the entire $400 filing fee[3] from his trust account without regard to the PLRA's installment procedures, and dismiss this case without further notice.

In addition, Donald may file an amended complaint, also within 21 days, **on or before November 17, 2020**.  Donald is advised that an amended complaint will replace the original complaint and must be complete in itself without reference to any prior pleadings.  The text of the amended complaint must allege sufficient facts to support each claim without reference to any other document.  The amended complaint must identify each defendant Donald intends to sue, set forth the specific causes of action that are asserted against each defendant, allege sufficient facts to support those claims, and state the relief sought.  Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint.  If Donald does not file an amended complaint within the time specified, the Court will dismiss this case with prejudice in its entirety, assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment.

---

[3] The civil filing fee is $350.  *See* 28 U.S.C. § 1914(a).  The Schedule of Fees set out following the statute also requires the Court to collect an administrative fee of $50 for filing  any civil case.  That additional $50 fee will not apply if Donald is granted leave to proceed *in forma pauperis*.

The Clerk shall provide Donald with a copy of the prisoner *in forma pauperis* affidavit form along with this order.

IT IS SO ORDERED.

                                                                      s/ **James D. Todd**
                                                                      JAMES D. TODD
                                                                    UNITED STATES DISTRICT JUDGE